IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| RICKY GREEN, | Case No. 5:25-cv-607 |
| Plaintiff, | **DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| CUMMINS INC., | |
| Defendant. | |

Defendant Cummins Inc. ("Defendant"), by and through its undersigned counsel, hereby submits this Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Dkt. No. 20 ("Plaintiff's Opposition")). In deference to the Court, Defendant relies on the facts and arguments asserted in its prior filings but submits this Reply to address the contentions raised in Plaintiff's Opposition.

Plaintiff fails to plead facts to set forth viable claims for gender-based discrimination and hostile work environment in violation of Title VII[1]. Rather than addressing these deficiencies, Plaintiff's Opposition fails: to demonstrate how the First Amended Complaint pleads sufficient facts to establish that he was performing his job satisfactorily and that he was treated differently than similarly situated employees outside of the protected class. Further, Plaintiff's Opposition fails to demonstrate how the First Amended Complaint pleads sufficient facts to establish that he experienced harassment based on his gender or that the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere. Rather,

---

[1] Plaintiff's Opposition failed to respond to Cummins' arguments for dismissal of his negligent supervision and intentional infliction of emotional distress claims. For that reason, it appears Plaintiff has abandoned those claims, and Cummins will not address those causes of action in this reply and will rest on its arguments in the Memorandum of Law in Support of Cummins its Motion to Dismiss Plaintiff's First Amended Complaint (Defendant's Memo), Dkt. No. 17.

Plaintiff's Opposition merely repeats conclusory allegations from his First Amended Complaint[2] and supplements his arguments with misstatements and connections that are altogether missing from the First Amended Complaint. These allegations are redundant recitations of the elements of gender-based discrimination and hostile work environment claims and do not highlight any actual facts in the First Amended Complaint as required by the pleading standards.

For these reasons, each of Plaintiff's arguments is insufficient to overcome Defendant's Motion to Dismiss, and judgment in favor of Defendant is appropriate.

## I. PLAINTIFF'S OPPOSITION DILUTES THE PLEADING STANDARD.

Without reciting a treatise on *Iqbal/Twombly* case law and its progeny, United States Federal Courts require more than simple notice pleading.[3] While this standard "does not require 'detailed factual allegations,'" it does require more than "the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal*, 556 U.S. 62, 677-78 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). In considering whether the plaintiff has established a plausible claim for relief, the court is bound to accept the well-pleaded facts of the complaint as true; however, conclusory assertions of law or fact are not entitled to the assumption of truth. *Id.* at 549-50; *see also Nemet Chevrolet, Ltd. V. Consumeraffairs.com. Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). "Facial plausibility means that the facts pled 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' and mere recitals of the elements of a cause of action supported by conclusory statements" are legally insufficient to overcome a Rule 12(b)(6) motion. *Clark v. Wells Fargo*

---

[2] The First Amended Complaint is a mirror image of Plaintiff's original Complaint with the exception of one paragraph addressing Defendant's failure to exhaust argument from its initial Motion to Dismiss. (Dkt. No. 14, at ¶ 41).
[3] For purposes of this case, the Court also made clear that the heightened standard set forth in *Iqbal* applied in all civil actions, including discrimination claims. *See Woods v. City of Greensboro,* 855 F.3d 639, 647 (4th Cir. 2017).

*Bank, N.A.*, 2017 WL 4485897, at *1 (E.D.N.C. Jul. 27 2017)(quoting *Iqbal* 556 U.S. at 678). Plaintiff's Opposition does not meet the standard and fails to reveal how the First Amended Complaint moves past "the defendant-unlawfully-harmed-me accusations."

## II. PLAINTIFF'S OPPOSITION FAILS TO FILL IN THE FACTUAL GAPS LEFT BY THE FIRST AMENDED COMPLAINT.

Plaintiff's Opposition argues the First Amended Complaint is sufficient to state claims for gender discrimination and hostile work environment by improperly supplementing Plaintiff's factual allegations and conclusory statements from the First Amended Complaint. This method fails to remove the First Amended Complaint out of the realm of insufficiency to "facial plausibility." *See id.*

### A. Plaintiff fails to plead sufficient facts to support a Title VII gender discrimination claim.

Plaintiff still fails to adequately plead that he satisfactorily performed his job or that individuals, who were similarly situated to him outside of his protected class, were treated differently than him. Plaintiff's Opposition cites *Wright-Raby v. Dundee Manor, LLC*, as authority for the rule that "[…] plaintiff need not establish a prima facie case of discrimination to survive the motion to dismiss."[4] (Dkt. No. 20 at p. 7) However, the more instructive case regarding pleading requirements for discrimination cases is *Woods v. City of Greensboro*. *See* 855 F.3d 639, 647-48 (4th Cir. 2017)(discussing the 4th Circuit's analysis in *McCleary-Evans v. Maryland Dep't of Trans.*, 780 F.3d 582 (4th Cir. 2015), as it pertains to the pleading standard set forth in *Iqbal* and *Twombly* in discrimination cases)). While discrimination plaintiffs are "not required to 'plead

---

[4] *Wright-Raby v. Dundee Manor, LLC,* is an unreported United States District Court of South Carolina case. *See* 2019 WL 2090356 (D.S.C. 2019). In that case, among other things, the plaintiff alleged gender discrimination in violation of Title VII. *Id.* at *1. The defendant moved to dismiss the plaintiff's Title VII claim pursuant to Rule 12(b)(6). *Id.* While the court noted that plaintiffs need not establish all the elements of a prima facie case to state a plausible claim for gender discrimination, the case included an internal citation to *McCleary-Evans v. Md. Dep't of Transp., State Highway Amin.*, 780 F.3d 582, 585 (4th Cir. 2015), which is discussed herein. Plaintiff did not include the *McCleary-Evans* rule in his Opposition, which indicates Plaintiff is selectively choosing aspects of the 4th Circuit's rule.

facts establishing a prima facie case of discrimination to survive a motion to dismiss[,]'" plaintiffs are "nonetheless 'required to allege facts to satisfy the elements of a cause of action created by the [relevant] statute' in compliance with *Iqbal*." *See Woods*, 855 F.3d at 648 (quoting *McClearly-Evans*, 780 F.3d at 585). The elements of a prima facie Title VII gender discrimination case are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment of similarly situated employees outside the protected class. *See Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010)(citing *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)).

Regarding satisfactory job performance, the First Amended Complaint merely references **one** promotion during Plaintiff's thirty-seven-year tenure with Defendant in asserting Plaintiff's "exemplary job performance." (Dkt. No. 14 at ¶ 7) This conclusory statement is the only mention of Plaintiff's job performance in the entire "Factual Allegations" section of the First Amended Complaint. Of note, Plaintiff does not plead that his "exemplary job performance" resulted in the office technician role. (Dkt. No. 14 at ¶¶ 16-18) Rather, Plaintiff made "several expressions of interest in the Technician position and was finally offered the role[…]" (Dkt. No. 14 at ¶ 17). The conclusory allegation of "exemplary job performance" does not satisfy the requirement to allege facts to satisfy the element of satisfactory job performance.[5] *See Clark* at *1.

Finally, Plaintiff's Opposition argues the First Amended Complaint "sufficiently pleaded he was treated differently than the female employees around him." (Dkt. No. 20, p. 9) The pleading

---

[5] Plaintiff cannot argue facts outside of the First Amended Complaint to overcome Defendant's Motion to Dismiss. Plaintiff's Opposition is not a pleading under Fed. Rule Civ. Procedure 7(a). Since Rule 12(b)(6) motions challenge the sufficiency of the pleadings only, the court must disregard Plaintiff's new allegations. *Bostic v. Mader*, 2013 WL 4079288, p. *8 (W.D.N.C. 2013)(quoting *Davis v. Cole*, 999 F. Supp. 809, 813 (E.D. Va. 1998); *Foster v. Fisher*, 2016 WL 900654, *7 (W.D.N.C. 2016). Specifically, regarding the element of satisfactory job performance, Plaintiff's Opposition notes that "Plaintiff alleges 'exemplary job performance,' which resulted in promotions—including to supervisory roles—and culminated in his[…] office technician position at the company." A full reading of Plaintiff's First Amended Complaint reveals this is a mischaracterization of what Plaintiff pleads in the First Amended Complaint.

requirement for a Title VII discrimination claim is that **"similarly situated"** female employees were treated differently than him. *See Coleman*, 626 F.3d at 190 (Emphasis added). "Similarly situated" employees must be "similarly situated in all relevant respects." *Mbadiwe v. Union Memorial Regional Medical Center, Inc.*, 2007 WL 1219953 (W.D.N.C. 2007), \*2 (citing *Lanear v. Safeway Grocery*, 843 F.2d 298, 302 (8th Cir. 1988)). Specifically, "similarly situated" entails that the employees dealt with the same supervisor and were subject to the same standards. *See Heyward v. Monroe*, 166 F.3d 332, \*2 (4th Cir. 1998)(*citing Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1982); *see also Arambu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir. 1997)). The First Amended Complaint completely fails to allege that ***female office technicians*** with the same supervisor, who were subject to the same standards, were treated differently than him. *See generally* Dkt. No. 14. Instead, Plaintiff's allegations refer to female employees generally without indication of their position, supervisor, and/or standards of employment. Otherwise, Plaintiff's allegations of disparate treatment follow the same conclusory drafting as his other allegations, which are not sufficient to state a claim for discrimination.[6]

Plaintiff's Opposition does not dispel any of the First Amended Complaint's deficiencies regarding his claim for gender discrimination. Since Plaintiff failed to plead facts to support the elements of the claim, his Title VII gender discrimination claim must be dismissed in its entirety.

**B. Plaintiff fails to plead sufficient facts to support a Title VII hostile work environment claim.**

---

[6] Of important note, Plaintiff's Opposition states that "Plaintiff further alleges that a female co-worker, Amy Clary, later admitted that ***the women treated him differently*** and that he did not deserve such treatment, apologizing for her role in the conduct." (Dkt. No. 20 at pp. 9-10)(Emphasis added). There is no mention in the First Amended Complaint that Ms. Clary allegedly admitted that "women treated [Plaintiff] differently." (Dkt. No. 14 at ¶ 35). Since this allegation did not appear in the First Amended Complaint, Defendant respectfully requests the Court disregard this allegation in its review of the sufficiency of the First Amended Complaint. *See Bostic*, 2013 WL 4079288, p. \*8; *Foster*, 2016 WL 900654, p. \*7.

Like his claim for Title VII gender-based discrimination, Plaintiff's Opposition fails to elucidate facts in the First Amended Complaint to support a claim for gender-based hostile work environment. (Dkt. No. 20 at p. 11-13). A hostile work environment exists "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015)(quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)); *Johnson v. Angels*, 125 F. Supp. 3d 562, 568 (M.D.N.C. 2015). Contrary to the argument in Plaintiff's Opposition, the *McDonnell Douglas* burden shifting framework does not apply to hostile work environment claims. *Magassouba v. Prince George's Cnty.*, 773 F. Supp. 3d 196, 224 (D. Md. 2025); *See Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208 (applying the *McDonnell Douglas* framework to discrimination and retaliation claims, but not to hostile work environment claims). To state a claim for hostile work environment, a plaintiff must allege: (1) he experienced unwelcome harassment; (2) the harassment was based on his gender; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), *cert. denied*, 540 U.S. 940 (2003). To establish a hostile work environment claim, Plaintiff must also show that the alleged abuse would not have been perpetrated against him, "but for" his gender. *Magassouba*, 773 F. Supp. at 224; *See Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998). A hostile work environment claim requires both an objective and subjective showing; the plaintiff must plead that the environment was one that "a reasonable person would find hostile or abusive, and one that the victim did in fact perceive to be so." *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)).

Here, Plaintiff fails to assert any facts to show that he experienced unwelcome harassment due to his gender. There are no factual assertions in the First Amended Complaint to indicate that Plaintiff overheard anyone comment on his gender as the reasoning behind the alleged failure of Defendant to train him or that he was even treated poorly due to his gender.[7] Further, to the extent Plaintiff relies on Ms. Joyner's conduct to establish gender-based harassment, there are no facts in the First Amended Complaint to indicate that her alleged conduct would not have been perpetrated against him, "but for" his gender. Rather, the First Amended Complaint provides that Ms. Joyner did not want to train Plaintiff because he had "no skills or skill set"—the plain reading of which is a comment on Plaintiff's performance and abilities, not his gender. (Dkt. No. 14 at ¶ 29). Plaintiff's Opposition attempts to bolster the weak connection between Ms. Joyner's statement and alleged gender-based harassment by adding that the August 8, 2024 meeting in which Ms. Joyner allegedly uttered that she would not train him was "composed entirely of female employees." (Dkt. No. 20, p. 13). Again, the First Amended Complaint is devoid of any indication that the meeting described was composed entirely of female employees. (Dkt. No. 14 at ¶¶ 28-29).

Additionally, Plaintiff's First Amended Complaint fails to allege any facts to sufficiently plead that any conduct was severe and pervasive or that a reasonable person would find the conduct to be hostile or abusive. Plaintiff's Opposition reiterates the conclusory allegations from the First Amended Complaint in that regard as well. For example, Plaintiff's Opposition states that "[t]he conduct at issue was far from sporadic; it was pervasive and ongoing, lasting for *years*." (Dkt. No. 40, p. 14)(Emphasis in original text). However, a complete reading of the First Amended Complaint reveals only one specific instance of alleged misconduct over an approximately two-

---

[7] To be sure, there is one conclusory allegation of mistreatment due to gender in the First Amended Complaint. Per Paragraph 23, "[Plaintiff] soon experienced discriminatory and exclusionary treatment from his female coworkers, who refused to train him as the only male in the office."

year period.[8] The remaining allegations proffered to support the severe and pervasiveness of the alleged conduct are similar to those mentioned in support of Plaintiff's Title VII claim-- repetitive recitations of the elements of a Title VII claim. As such, there are no facts in the First Amended Complaint sufficient to state a claim for gender-based hostile work environment in violation of Title VII.

## III. CONCLUSION

For the foregoing reasons, and those contained in Defendant's Memo (Dkt. No. 17), Defendant respectfully requests that the Court enter an Order dismissing the First Amended Complaint in its entirety, with prejudice.

Dated: January 30, 2026

*/s/ Jennifer Staples*
Stephen Dellinger, Bar No. 16609
sdellinger@littler.com
Jennifer Staples, Bar No. 39833
jstaples@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Defendant*

---

[8] Recognizing that Plaintiff has alleged other incidents of mistreatment in the First Amended Complaint that are unrelated to his gender discrimination claims, Defendant will not rehash those alleged incidents here because they are untimely and irrelevant to the current claims at issue. For further analysis of those allegations, Defendant respectfully refers the court to Defendant's Memo, Dkt. No. 17.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 30, 2026, I electronically filed the foregoing **DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will notify the following counsel of record:

Taylor C. Rosbrook
trosbrook@hairstonlane.com
James E. Hairston, Jr.
jhairston@hairston.com
HAIRSTON LANE, PA
434 Fayetteville St., Ste. 2350
Raleigh, NC 27601
Telephone: (919) 838-5295
Facsimile: (888) 510-1160

*Attorneys for Plaintiff*

*/s/ Jennifer Staples*
Stephen Dellinger, Bar No. 16609
sdellinger@littler.com
Jennifer Staples, Bar No. 39833
jstaples@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Defendant*